UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

PABLO LOPEZ RODRIGUEZ, *individually*
*and on behalf of all others similarly situated*,

                       Plaintiff,                    **REPORT AND**
                                             **RECOMMENDATION**

      -against-

                                             23 Civ. 3545 (NSR) (AEK)

TRISTATE LINEN, INC. and
VASO NIKPRELOVIC,

                    Defendants.
--------------------------------------------------------------X

**TO:  THE HONORABLE NELSON S. ROMÁN, U.S.D.J.**

      Plaintiff Pablo Lopez Rodriguez brings this putative collective and class action, asserting wage violation claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL")*.  See* ECF No. 1 ("Complaint").  Currently before the Court is Defendants' motion to dismiss for failure to prosecute.  ECF No. 33.  For the reasons that follow, I respectfully recommend that the motion to dismiss be GRANTED, and that the action be dismissed with prejudice.

## BACKGROUND

      Plaintiff, proceeding through counsel, commenced this action by filing the Complaint on April 27, 2023.  On July 26, 2023, Your Honor referred the matter to the undersigned for general pretrial supervision, ECF No. 15, and on August 2, 2023, the undersigned issued a scheduling order for a status conference to take place on October 6, 2023, ECF No. 17.  Plaintiff's counsel appeared at the October 6, 2023 conference, and the Court adjourned the matter to November 28, 2023, for the next status conference.  Docket Sheet, Minute Entry dated 10/06/2023.

On November 18, 2023, Plaintiff's counsel filed a motion to withdraw as the attorney for Plaintiff, as well as a motion to amend/correct the original motion. ECF Nos. 19-20.[1] On November 20, 2023, in its order granting Plaintiff's motion to amend/correct, the Court directed Defendants to respond to Plaintiff's counsel's motion to withdraw by November 27, 2023 if they wished to do so, and stated that the Court would address the motion with all counsel at the conference scheduled for November 28, 2023. ECF No. 21. Defendants filed a response to Plaintiff's counsel's motion to withdraw on November 21, 2023, stating that they did not oppose the motion, and reporting that although Defendants had fully responded to Plaintiff's interrogatories and document demands, Plaintiff had not yet provided any discovery responses to Defendants. ECF No. 22. During the November 28, 2023 teleconference, the Court granted Plaintiff's counsel's motion to withdraw on the record and indicated that a separate written order would be issued. Docket Sheet, Minute Entry dated 11/28/2023. In the written order on the motion to withdraw, the Court reiterated that the motion was granted and noted that Plaintiff's counsel was not asserting any lien for outstanding unpaid attorneys' fees or expenses. ECF No. 23. The Court scheduled the next status conference for January 10, 2024, advising that

> if [Plaintiff] is able to retain a new attorney before that conference, the new attorney must appear at that conference by telephone and be prepared to discuss the next steps in this matter. If [Plaintiff] is not able to retain a new attorney before the January 10, 2024 conference, [he] must appear at the conference by telephone to represent himself *pro se* and must be prepared to discuss how he wishes to proceed in this case. **If [Plaintiff] does not retain new counsel, seek an extension of time to retain new counsel, or appear himself by telephone at the January 10, 2024 conference, the Court may authorize Defendants to file a motion to dismiss this action for failure to prosecute, and this case could be dismissed.**

---

[1] The purpose of Plaintiff's motion to amend/correct was to file an amended/corrected certificate of service for service of the motion to withdraw. On November 20, 2023, the Court accepted the certificate filed at ECF No. 20 as the proper certificate of service. *See* ECF No. 21.

*Id*. at 1-2 (emphasis in original).  Plaintiff's outgoing counsel served a copy of the order on

Plaintiff by email, text message, and first-class mail.  ECF No. 24.

Although Defendants appeared through counsel at the January 10, 2024 teleconference,

Plaintiff failed to appear, either through counsel or *pro se*.  The Court adjourned the matter to

February 13, 2024.  Docket Sheet, Minute Entry dated 1/10/2024.  The Court issued a scheduling

order that again advised Plaintiff that

> if he is able to retain a new attorney before the conference, the new
> attorney must appear at the conference by telephone and be prepared to
> discuss the next steps in this matter.  If Plaintiff is not able to retain a new
> attorney before the February 13, 2024 conference, then Plaintiff must
> appear at the conference by telephone to represent himself *pro se* and must
> be prepared to discuss how he wishes to proceed in this case.  **If Plaintiff
> does not retain new counsel, seek an extension of time to retain new
> counsel, or appear himself by telephone at the February 13, 2024
> conference, the Court will authorize Defendants to file a motion to
> dismiss this action for failure to prosecute, and this case could be
> dismissed.**

ECF No. 25 at 1-2 (emphasis in original).  Defendants emailed the scheduling order to Plaintiff

on January 10, 2024, ECF No. 26, and copies of the scheduling order were mailed to Plaintiff at

both of his known addresses[2] by the Clerk of Court, Docket Sheet, entry dated 01/11/2024.  On

February 7, 2024, the Court issued an order rescheduling the February 13, 2024 teleconference to

February 27, 2024.  ECF No. 27.  The rescheduling order included the same admonition as the

previous scheduling order.  *Id.* at 1 ("**If Plaintiff does not retain new counsel, seek an**

**extension of time to retain new counsel, or appear himself by telephone at the February 27,**

**2024 conference, the Court will authorize Defendants to file a motion to dismiss this action**

---

[2] It was unclear whether Plaintiff was still living at his address in Haverstraw, New York, or whether he was at that point living at his address in Austin, Texas.  Accordingly, in all of the orders subsequent to the November 28, 2023 order granting Plaintiff's counsel's motion to withdraw, the Court directed the Clerk of Court to mail copies to Plaintiff at both his Haverstraw and Austin addresses.

**for failure to prosecute, and this case could be dismissed.**") (emphasis in original). Defendants emailed the rescheduling order to Plaintiff on February 7, 2024, ECF No. 28, and copies of the rescheduling order were mailed to Plaintiff at both of his known addresses by the Clerk of Court, Docket Sheet, entry dated 02/07/2024. On February 8, 2024, the copies of the January 10, 2024 scheduling order that had been mailed to Plaintiff's two known mailing addresses were both returned as undeliverable. *See* Docket Sheet, entries dated 02/08/2024.

On February 26, 2024, the Court issued another rescheduling order, rescheduling the February 27, 2024 teleconference to March 12, 2024. ECF No. 29. The second rescheduling order likewise included the admonition that had appeared in the prior two orders. *Id.* at 1 ("**If Plaintiff does not retain new counsel, seek an extension of time to retain new counsel, or appear himself by telephone at the March 12, 2024 conference, the Court will authorize Defendants to file a motion to dismiss this action for failure to prosecute, and this case could be dismissed.**") (emphasis in original). Copies of this rescheduling order were mailed to Plaintiff at both of his known addresses by the Clerk of Court. Docket Sheet, entry dated 02/26/2024. Defendants emailed the rescheduling order to Plaintiff on February 28, 2024. ECF No. 30. On that same day, one of the copies of the February 7, 2024 rescheduling order that had been mailed to Plaintiff by the Clerk of Court was returned as undeliverable. Docket Sheet, entry dated 02/28/2024.

Although Defendants appeared through counsel at the March 12, 2024 teleconference, Plaintiff again failed to appear, either through counsel or *pro se*. Accordingly, because (i) Plaintiff had failed to appear at two conferences; (ii) the Court had issued several warnings to Plaintiff regarding the possibility that Defendants would be allowed to file a motion to dismiss for failure to prosecute if Plaintiff did not retain new counsel, seek an extension of time to retain

new counsel, or appear himself at the scheduled conferences; and (iii) Plaintiff had failed to provide Defendants and/or the Court with up-to-date contact information, the Court granted Defendants permission to file a motion to dismiss for failure to prosecute, set a schedule for the filing and service of that motion, and scheduled a teleconference for May 9, 2024.  ECF No. 31. Defendants emailed this scheduling order to Plaintiff on March 12, 2024, ECF No. 32, and copies of the scheduling order were mailed to Plaintiff at both of his known addresses by the Clerk of Court, Docket Sheet, entry dated 03/12/2024.

The copies of the February 26, 2024 rescheduling order that had been mailed to the Plaintiff at his two known addresses by the Clerk of Court were returned as undeliverable on March 12 and March 20, 2024.  Docket Sheet, entries dated 03/12/2024 and 03/20/2024.  One of the copies of the March 12, 2024 scheduling order that was mailed to Plaintiff by the Clerk of Court was also returned as undeliverable on March 18, 2024.  Docket Sheet, entry dated 03/18/2024.

Defendants filed their motion to dismiss for failure to prosecute on April 10, 2024.  ECF Nos. 33-34.  The motion was served on Plaintiff by both email and regular mail at both of Plaintiff's known addresses.  ECF No. 35.  On May 9, 2024, Your Honor amended the order of reference in this case to include referral for a Report and Recommendation on the instant dispositive motion.  ECF No. 36.

Plaintiff again failed to appear at the conference held on May 9, 2024, and the Court adjourned the matter pending resolution of Defendants' motion to dismiss for failure to prosecute.  Docket Sheet, Minute Entry dated 05/09/2024; *see also* ECF No. 37 (adjournment

order).[3]  To date, Plaintiff has neither filed anything in response to the motion nor otherwise contacted the Court.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute . . . ."  Fed. R. Civ. P. 41(b).  Thus, under Rule 41(b), a plaintiff is required to diligently prosecute his or her case.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) is a "harsh remedy that should be utilized only in extreme situations," *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quotation marks omitted), and "[t]he standard is heightened in cases of *pro se* litigants," *Murray v. Bouck*, No. 19-cv-317 (MKV), 2020 WL 6381935, at *1 (S.D.N.Y. Oct. 30, 2020) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).[4]  Nevertheless, "the authority to invoke [Rule 41(b)] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp.,* 682 F.2d at 42.

The Second Circuit has set forth five factors that it uses to review whether a court has properly dismissed a case for failure to prosecute:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced

---

[3] Both the amended order of reference and the adjournment order were mailed to Plaintiff by the Clerk of Court.  Docket Sheet, entries dated 05/13/2024.

[4] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases, *infra*, that are unpublished or only available by electronic database shall be simultaneously delivered to the *pro se* Plaintiff along with this Report and Recommendation.

against plaintiff's right to an opportunity for a day in court; and (5) the
trial court adequately assessed the efficacy of lesser sanctions.

*Lewis*, 564 F.3d at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).  In this case, each of the five factors warrants dismissal.

### A.      Delay of Significant Duration

Plaintiff has neglected to prosecute this case since at least November 2023.  "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013).  "Delays of several months have been found to warrant dismissal." *Id.* (citing cases).  "Courts have found dismissal appropriate for even shorter delays when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his or her] claim." *Id.* at 630 (quotation marks omitted).  Since Plaintiff's counsel's motion to withdraw was granted on November 28, 2023, Plaintiff has failed to appear for multiple conferences and has entirely prevented progress in discovery.  As Defendants noted in their November 21, 2023 response to Plaintiff's counsel's motion to withdraw, Plaintiff had not yet provided any discovery responses to Defendants, *see* ECF No. 22, and there has been no progress in the case in the nearly eight months since.  Accordingly, the duration of the delay weighs in favor of dismissal.

### B.      Notice that Further Delays Would Result in Dismissal

The Court notified Plaintiff via the November 28, 2023 order that "**[i]f [Plaintiff] does not retain new counsel, seek an extension of time to retain new counsel, or appear himself by telephone at the January 10, 2024 conference, the Court may authorize Defendants to file a motion to dismiss this action for failure to prosecute, and this case could be dismissed.**" ECF No. 23 at 1-2 (emphasis in original).  After Plaintiff failed to appear at the

January 10, 2024 conference, the Court adjourned the matter to February 13, 2024, and again advised Plaintiff that if he "**does not retain new counsel, seek an extension of time to retain new counsel, or appear by himself at the February 13, 2024 conference, the Court will authorize Defendants to file a motion to dismiss this action for failure to prosecute, and this case could be dismissed.**" ECF No. 25 at 2 (emphasis in original). The Court repeated this warning in the order rescheduling the February 13 conference to February 27, 2024, *see* ECF No. 27 at 1, as well as in the order rescheduling the February 27 conference to March 12, 2024, *see* ECF No. 29 at 1. "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994); *see Hunter v. N.Y. State Dep't of Corr. Servs*., 515 F. App'x 40, 41-44 (2d Cir. 2013) (summary order) (affirming dismissal for failure to prosecute where *pro se* plaintiff, *inter alia*, failed to respond to correspondence from opposing counsel and a motion to dismiss for failure to prosecute); *Smith v. Westchester Cnty*., No. 19-cv-1283 (KMK), 2020 WL 883332, at *1-2 (S.D.N.Y. Feb. 24, 2020) (dismissing for failure to prosecute where plaintiff failed to communicate with court for several months notwithstanding court making clear that failure to respond would result in dismissal).

The initial scheduling order issued on November 28, 2023 was emailed, texted, and mailed to Plaintiff by his former counsel, *see* ECF No. 24, and all of the scheduling and rescheduling orders issued thereafter were both emailed to Plaintiff by Defendants, *see* ECF Nos. 26, 28, 30, and 32, and mailed to Plaintiff at his two known addresses by the Clerk of Court, *see* Docket Sheet, entries dated 01/11/2024, 02/07/2024, 02/26/2024, and 03/12/2024. Even though copies of the orders that were mailed to Plaintiff were returned as undeliverable, *see* Docket

Sheet, entries dated 02/08/2024, 02/28/2024, 03/12/2024, 03/18/2024, and 03/20/2024, it is Plaintiff's responsibility to inform the Court of any changes in his address.  *See Brown v. Smith*, No. 13-cv-4694 (AT), 2014 WL 5040908, at *2 (S.D.N.Y. Sept. 30, 2014) (collecting cases).  Given that Plaintiff has not communicated with the Court to provide any updated contact information, "any attempt to further warn [P]laintiff[] of [his] responsibilities and the consequences of [his] continued failure to prosecute this action would be futile." *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989).  "The Court notes that any inability to receive actual notice of the proceedings was of [P]laintiff['s] own doing." *Id.*  For all of these reasons, this factor also weighs in favor of dismissal.

### C.    Prejudice to Defendants Resulting from Further Delays

"With regard to possible prejudice to defendants by virtue of further delay, a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until [P]laintiff changed [his] mind or the court lost patience.  Accordingly, we may infer the likelihood of some prejudice if the motion were not granted." *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01-cv-3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002); *see also Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law").  Moreover, "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade*, 293 F.R.D. at 630.  Defendants also have been prejudiced by Plaintiff's failure to prosecute this case due to "the passage of time," given that the case is based on events dating as far back as April 2017. *See generally* Complaint[5]; *Edwards v. Horn*, No. 10-cv-6194 (RJS) (JLC), 2012 WL 1292672, at

---

[5] Plaintiff alleges that he worked for Defendants from November 2015 through March 2018 and then again from April 2020 through September 2022.  Complaint ¶ 15.  Since NYLL claims have a six-year statute of limitations, *see* N.Y. Lab. Law §§ 198(3), 663(3), and the

*2 (S.D.N.Y. Apr. 13, 2012) (finding that defendant had been prejudiced by plaintiff's "failure to prosecute this action by the passage of time, given that the incident giving rise to the claim . . . occurred . . . more than four years ago . . . and as a matter of law prejudice is presumed"), *adopted by*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012).  The "prejudice to defendants" factor also weighs in favor of dismissal.

**D.      Balance Between Calendar Congestion and the Opportunity to Be Heard**

Given the age of this case and the length of time that it has remained inactive due to Plaintiff's failure to appear at conferences, the Court's interest in reducing docket congestion and freeing up limited judicial resources to allow other cases to proceed outweighs the need to give Plaintiff more time to be heard in the matter.  *See Lukensow*, 124 F.R.D. at 67 ("[T]here can be no assertion by plaintiffs that the dismissal of this action denies them their right to due process and a fair opportunity to be heard.  The fact is that this dismissal results from plaintiffs' own conduct.  The result could have been avoided by pressing their claim in the adversary proceeding."); *see also Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may require a district court to dismiss a case pursuant to Rule 41(b).") (quotation marks omitted).  This factor also supports dismissal of the Complaint.

**E.      Consideration of Lesser Sanctions**

In light of Plaintiff's continued failure to proceed with this case, and his failure to communicate with Defendants' counsel or the Court, the sanction of dismissal with prejudice is appropriate.  *See, e.g.*, *Hardimon v. Westchester Cnty.*, No. 13-cv-1249 (PKC) (MHD), 2014 WL

---

Complaint was filed on April 27, 2023, Plaintiff's claims may extend to events that occurred as early as April 27, 2017.

2039116, at *2 (S.D.N.Y. May 16, 2014) ("In light of the express warning of dismissal, there is no reason to believe that a lesser sanction would be effective."); *Edwards*, 2012 WL 1292672, at *2 ("[Plaintiff's] failure to prosecute and his most recent failures to appear at court-ordered conferences demonstrate that any lesser sanction would be an exercise in futility[.]") (quotation marks omitted). Where, as here, Plaintiff's "noncompliance strongly suggests abandonment of the action," dismissal of the action is the appropriate sanction. *Hardimon*, 2014 WL 2039116, at *2; *Lukensow*, 124 F.R.D. at 67 ("In the case at bar, no sanction other than dismissal will suffice. Plaintiffs cannot be contacted by this Court and, therefore, any lesser sanction would be both unenforceable and ineffective in this abandoned action."). Because Plaintiff has not provided any method for the Court to contact him regarding this matter, he cannot be given notice of any sanction less than dismissal.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss for failure to prosecute (ECF No. 33) be GRANTED, and that Plaintiff's action be dismissed with prejudice.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(l) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have 14 days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made by mail). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Nelson S. Román, United States District Court, Southern District of New York, 300

11

Quarropas Street, White Plains, New York, 10601, and to the chambers of the Honorable

Andrew E. Krause at the same address.

Any request for an extension of time for filing objections or responses to objections must

be directed to Judge Román, and not to the undersigned.

**Failure to file timely objections to this Report and Recommendation will result in a**

**waiver of objections and will preclude appellate review.**  *See Thomas v. Arn*, 474 U.S. 140

(1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015).

Dated: July 16, 2024
        White Plains, New York

Respectfully submitted,

ANDREW E. KRAUSE
United States Magistrate Judge


A copy of this Report and Recommendation has been mailed to the *pro se* Plaintiff by Chambers at 30 Crow Avenue, Haverstraw, NY 10927 and 10698-10506 Golden Meadow Drive, Austin, TX 78758, and sent to the *pro se* Plaintiff via email at edwinlopezr24@hotmail.com.