UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

PABLO LOPEZ RODRIGUEZ, individually and on behalf of all others similarly situated,

                         Plaintiff,

     -against-

TRISTATE LINEN, INC. and VASO NIKPRELOVIC,

                        Defendants.
-----------------------------------------------------------------------X

ORDER ADOPTING
REPORT AND
RECOMMENDATION
23 Civ. 3545 (NSR)(AEK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/27/2024

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Pablo Lopez Rodriguez ("Plaintiff") commenced this putative class action on or about April 27, 2023, asserting claims sounding in allege violations of 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL"). (ECF No. 1.) On June 27, 2023, Tristate Linen, Inc. and Vaso Nikprelovic, the Defendants (the "Defendants") filed an answer denying the allegations. (ECF No. 10.). The case was referred to Magistrate Judge Andrew E. Krause ("MJ Krause"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure § 72(b) for all pre-trial matters. (ECF No. 12.) On April 10, 2024, the Defendants filed a motion pursuant to Federal Rules of Civil Procedure § 41(b) seeking to dismiss the complaint due to Plaintiff's failure to prosecute. (ECF No. 33.) Presently before the Court is MJ Krause's R&R recommending that the Court GRANT the motion. (ECF No. 38.) To date, no objection to the R&R has been filed.

      For the following reasons, the Court reviews the R&R for clear error, finds no clear error, adopts the R&R in its entirety except that the claims are dismissed without prejudice. Accordingly, judgment is entered in favor of Defendants.

1

## BACKGROUND

The following facts are summarized and taken from a review of the operative complaint, the moving papers and the court docket.

Plaintiff commenced this putative class action against the Defendants asserting claims sounding in allege violations of FLSA and NYLL. On July 23, 2023, the Court issued a case discovery plan and scheduling order. (ECF No. 14.) The Court scheduled multiple conferences which the parties attended and participated in. On November 18, 2023, Plaintiff's counsel filed a motion seeking to be relieved from further representing Plaintiff. (ECF No. 19.) By written order dated November 28, 2023, the Court granted counsel's motion to withdraw. As delineated in MJ Krause's R & R, the Court scheduled several more conferences there after wherein Plaintiff failed to appear either by counsel or *pro se*.

## STANDARD OF REVIEW

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f [a] plaintiff fails to prosecute or to comply with the[] [federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." "The 'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'" *Gonzalez v. Comm'r of Social Security*, No. 09 Civ. 10179 (RJS), 2011 WL 2207574, at *1 (S.D.N.Y. June 2, 2011) (*quoting Lyell Theatre Corp. et al. v. Loews Corp. et al.*, 682 F.2d 37, 43 (2d Cir. 1982)). "Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Dismissal is, therefore, "a harsh remedy to be utilized only in extreme situations." *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d

Cir. 1988) (*quoting Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

The decision to dismiss pursuant to Rule 41(b) is left to the discretion of the district court. *See Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *see also Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) ("Although not explicitly authorized by [Rule 41(b)] dismissal may be made sua sponte"). There are several factors that a court should consider in determining whether to dismiss a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "'Generally, no one factor is dispositive.'" *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir. 1999) (Sotomayor, J.) (*quoting Nita*, 16 F.3d at 485). But "district courts should be especially hesitant to dismiss for procedural deficiencies where [] the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535.

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983

3

Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Neither Plaintiff nor Defendants timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ Krause's well-reasoned R & R, the Court finds the conclusion(s) reached in the R & R are grounded in fact and law. Despite the passage of more than eight months, Plaintiff has taken no action to litigate his claims. Thus, warranting dismissal of Plaintiff's complaint for failure to prosecute. However, since Plaintiff was proceeding *pro se* and the Court is unable to discern any prejudice to the Defendants, the dismissal is without prejudice.

## CONCLUSION

For the reasons stated above, the Court adopts the factual determinations and legal analysis of MJ Krause's R & R. Defendants' motion to dismiss the complaint for lack of prosecution is granted without prejudice. The Clerk of the Court is respectfully directed to enter judgment in favor of Defendants, to terminate the motion at ECF No. 7, to terminate the action, to mail a copy of this Opinion to the *pro se* Plaintiff at 30 Crow Avenue, Haverstraw, NY 10927 and 10698-10506 Golden Meadow Drive, Austin, TX 78758 and to show service on the docket.

Dated: August 27, 2024    SO ORDERED
      White Plains, New York

_____
Nelson S. Román, U.S. District Judge